Mr. Christopher C. Ford County Attorney Lake County 14550 U.S. Highway 441 Tavares, Florida 32778
Dear Mr. Ford:
You ask substantially the following question:
 May a member of the city council be appointed to the Lake County Planning and Zoning Commission without violating the dual officeholding prohibition contained in s. 5(a), Art. II, State Const.?
In sum, I am of the opinion that:
 A member of the city council is prohibited by the dual officeholding prohibition in s. 5(a), Art. II, State Const., from simultaneously serving on the Lake County Planning and Zoning Commission, which possesses the authority to grant variances without review by the county commission.
Section 5(a), Art. II, State Const., provides in part:
 No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that . . . any officer may be a member of a . . . statutory body having only advisory powers. (e.s.)
This office previously has concluded that a planning commission established pursuant to Part II, Ch. 163, F.S. 1973, and possessing only those powers contemplated by that part was a "statutory body having only advisory powers" for purposes of s. 5(a), Art. II, State Const.[1] Such an advisory body, therefore, was exempt from the constitutional dual officeholding prohibition contained therein.
In reaching this conclusion, this office stated that the primary function of the commission was to prepare and adopt a comprehensive plan for future development within the county, such plan becoming effective only upon further adoption by a majority of the county commission.[2] The exercise of the sovereign powers, for example, zoning, establishing boundaries, hearing appeals and special exceptions, however, was "reserved by Part II, Ch. 163, F.S. [1973], for the governing bodies involved and the board of adjustments created by them."[3]
You refer to an advisory opinion of the Florida Commission on Ethics, CEO 76-156, which held that a citizens advisory committee established to aid and assist the county planning commission were officers for purposes of financial disclosure. You ask whether a conflict exists between AGO 74-232 and CEO 76-156.
An examination of the opinion by the Ethics Commission indicates that the commission was interpreting the provisions of Part III, Ch. 112, F.S., specifically s. 112.3145(2)(b), F.S., 1975. That section, in defining the term "local officer" for purposes of Part III, Ch. 112, F.S., expressly provides that "[a] governmental body with land-planning, zoning, or natural resources responsibilities shall not be considered an advisory body." Accordingly, the two opinions would not appear to be in conflict inasmuch as they are interpreting different provisions of state law.
According to your letter, the Lake County Planning and Zoning Commission was established pursuant to Ch. 61-2374, Laws of Florida, as amended. Pursuant to the act, the planning and zoning commission shall adopt the comprehensive plan.[4] However, the board of county commissioners may, by appropriate official action, formally approve the comprehensive plan either as a whole or as substantial portions, corresponding generally with functional or geographic subdivisions, are completed.[5]
You state that the duties of the Lake County Planning and Zoning Commission, with one exception, are advisory in nature. According to your letter, the commission has been granted authority to give final approval to zoning variances without review by the board of county commissioners. You ask whether this power would remove the commission from the exception contained in s. 5(a), Art. II, State Const.
Inasmuch as the planning and zoning commission has been granted final decision-making authority in the area of variances, the commission would not appear to fall within the exception contained in the dual office holding prohibition for advisory bodies. Pursuant to express terms of s. 5(a), Art. II, State Const., a statutory body having only advisory powers is excepted.[6] The constitutional provision does not provide for or recognize an exception for statutory bodies whose duties are substantially or predominately advisory.[7]
Accordingly, I am of the opinion that the city council member is prohibited by the dual officeholding prohibition contained in s. 5(a), Art. II, State Const., from simultaneously serving as a member of the Lake County Planning and Zoning Commission.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, AGO 74-232. For other examples where this office has applied the exception for statutory bodies having only advisory powers, see AGO 72-179 (legislator may serve as member of ad hoc charter revision commission appointed by municipal governing body to serve in purely advisory capacity to study and recommend changes to municipal charter; AGO 73-288 (municipal zoning board having only advisory powers may serve as county tax collector); AGO 77-74 (powers exercised by members of the Florida Advisory Council are advisory and, as such, excluded from the prohibition of s. 5[a], Art. II, State Const.); AGO 86-105 (local planning agency whose function is information gathering and advisory only falls within exception to dual officeholding prohibition). Compare, AGO 76-241 concluding that membership on the Florida Human Relations Commission was an office and not within the exception for statutory bodies possessing only advisory powers, since the commission had the authority and right to accept money, both public and private, to help finance its activities; to recommend measures to eliminate discrimination; to receive, initiate, investigate, hold hearings on, and pass upon complaints alleging discrimination; to render, at least annually, a comprehensive written report to the Governor and Legislature; and to adopt, amend, and rescind rules to effectuate the purposes of the act.
[2] See, s. 163.190(3), F.S. 1973, providing that the governing body (of a county) may formally adopt the comprehensive plan by appropriate official action either in its entirety or as substantial portions corresponding generally with the functions or geographic classifications are completed and adopted by the commission. The statute further provided that any comprehensive plan shall become effective upon its adoption by a majority of the membership of the governing body.
[3] Attorney General Opinion 74-232. See, e.g., ss. 163.205, 163.215, 163.225, F.S. 1973.
[4] See, s. 5(2), Ch. 61-2374, Laws of Florida, which provides that the comprehensive plan shall be adopted by the planning and zoning commission either as a whole or as substantial portions are completed, corresponding generally with functional or geographic subdivisions. Compare, s. 163.190(2), F.S. 1973, which contained substantially the same language for planning commissions created pursuant to Part II, Ch. 163, F.S. 1973.
[5] Compare, s. 163.190(3), F.S. 1973.
[6] See, Black's Law Dictionary Only p. 1241 (4th rev. ed. 1968) ("Solely; merely; for no other purpose; . . . without anything more; exclusive; nothing else or more."); Websters Third New International Dictionary Only p. 1577 (unabridged 1981) ("exclusively").
[7] See, AGO 73-47 stating that if a parks, planning and zoning commission had been granted more than mere advisory powers, that fact would exclude members of the commission from the exemption in s. 5(a), Art. II, State Const. Accord, AGO 69-62.